**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 30, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAVID DEAN WOODS,

    Petitioner - Appellant,

v.

SCOTT NUNN,

    Respondent - Appellee.

No. 21-6117
(D.C. No. 5:21-CV-00237-G)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

David Dean Woods, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254

application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA

to appeal "the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court"). He also seeks leave to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceed *in forma pauperis* ("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we

deny both requests and dismiss this matter.[1]

## I.  BACKGROUND

Mr. Woods was convicted of trafficking illegal drugs, harboring a fugitive, being a

felon in possession of a firearm, and possessing a controlled substance.  He was

sentenced to 20 years in prison.

Mr. Woods sought post-conviction relief in state court.  Relying on *McGirt v.*

*State of Oklahoma*, 140 S. Ct. 2452 (2020), he argued the state court lacked

jurisdiction because the underlying crimes occurred on the Chickasaw Nation's land.

The court denied the application, stating that Mr. Woods "had failed to prove or even

allege that he is a member of any recognized Indian tribe."  ROA at 18.

In his appeal ("Petition in Error") to the Oklahoma Court of Criminal Appeals

("OCCA"), Mr. Woods argued that "the 1866 Treaty between the Chickasaws and the

United States reserves civil and criminal jurisdiction to the Chickasaw Nation for matters

that arise in Chickasaw Nation" for Indians and non-Indians alike.  *Id.* at 19-20.  The

OCCA affirmed the denial of post-conviction relief, noting that Mr. Woods's application

stated "that he is not a member of any Indian tribe."  *Id.* at 20.

Mr. Woods next filed a § 2254 application in federal district court, again alleging

the state court lacked jurisdiction because the crimes occurred in Indian country.  In a

---

[1] Because Mr. Woods appears pro se, "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Report and Recommendation ("R&R"), a magistrate judge recommended dismissal of the application because Mr. Woods is not a member of an Indian tribe and his crimes were not committed against an Indian tribe member. The district court, having received no objection from Mr. Woods, adopted the recommendation and entered judgment dismissing the action.

Three weeks later, the district court received an objection to the R&R from Mr. Woods. Instead of relying on *McGirt*, Mr. Woods claimed that "the State Court lacked jurisdiction due to **treaty provisions** found in the 1830 Treaty of Dancing Rabbit Creek (Article 4) 7 Stat. 333, and the 1866 Treaty with Choctaws and Chickasaws (Article 8), 14 Stat. 769." *Id.* at 34. He further stated that his "actual claim relies on Article 8 of the 1866 Treaty, . . . which states that the tribe shall have jurisdiction over 'people other than Indians' who commit crimes within their boundaries." *Id.* Mr. Woods also moved to vacate the dismissal of his § 2254 application.

The district court considered the objection, which did not contest that Mr. Woods is a non-Indian or that his crimes were not committed against an Indian. The court stated that (1) his § 2254 application cited *McGirt* and made no reference to treaties, (2) his objection failed to address the numerous authorities cited in the R&R holding that state courts retain jurisdiction over victimless crimes even when they occur on Indian land, and (3) the cited portion of the 1866 Treaty did not confer on the Chickasaw Tribe exclusive authority to prosecute non-Indians who commit crimes on Indian land. The court therefore denied Mr. Woods's objection and his motion to vacate. It also denied a COA.

3

## II. DISCUSSION

We must grant a COA to review a § 2254 application. 28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To receive a COA, an applicant must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

In his brief to this court Mr. Woods writes that he sought post-conviction relief in the state district court by claiming that "the 1830 and 1866 Treaties . . . reserve[d] civil and criminal jurisdiction to the Choctaw and Chickasaw Nation for matters that arise in Choctaw and Chickasaw Nation." Aplt. Br. at 1. The OCCA said that Mr. Woods relied only on the 1866 Treaty. ROA at 19-20. In his § 2254 application, Mr. Woods failed to mention any treaty. The district court, however, responding to Mr. Woods's objection to the R&R, held the 1866 Treaty did not deprive the state court of jurisdiction over Mr. Woods's criminal prosecution.[2]

---

[2] The district court did not address the 1830 Treaty given that Mr. Woods said in his objection to the R&R that his "actual claim relies on Article 8 of the 1866 Treaty." ROA at 34. Also, in his appeal to the OCCA from the state district court's denial of his post-conviction petition, his "Brief in Support of Petition in Error" relied only on the 1866 Treaty. Although this brief is not in the record on appeal, we may take judicial notice of it. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir.2008) (stating a federal court may take judicial notice of state court documents); Fed. R. Evid. 201(b)(2).

In reaching this conclusion, the district court said that Mr. Woods relied on Article 8 of the 1866 Treaty providing that the annual tribal general assembly has the "power to legislate upon all subjects and matters pertaining to . . . the administration of justice between members of the several tribes of the said Territory, and persons other than Indians and members of said tribes or nations." *Id.* at 46 (quoting Treaty with the Choctaw and Chickasaw art. 8, ¶ 4, Apr. 28, 1866, 14 Stat. 769).

In *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 208 (1978), the Supreme Court held that "Indians do not have criminal jurisdiction over non-Indians absent affirmative delegation of such power by Congress." Mr. Woods has not advanced a specific or developed argument as to why the 1866 Treaty qualifies as an "affirmative delegation." *See United States v. Wells*, 873 F.3d 1241, 1254 (10th Cir. 2017) (explaining that we may deem waived a pro se litigant's inadequately briefed argument). Without doing so, his habeas application fails under *Oliphant* and this court's precedent.[3]

In *United States v. Langford*, 641 F.3d 1195, 1197 (10th Cir. 2011), this court held that a state court has exclusive jurisdiction over the prosecution of a crime that occurred in Indian country when, as in this case, there is no Indian perpetrator or victim. *See*

---

[3] In his brief, Mr. Woods refers to the Treaty of Dancing Rabbit Creek, Sept. 27, 1830, 7 Stat. 333, and the Treaty of Doaksville, 11 Stat. 573, Jan. 17, 1837, Aplt. Br. at 3, but he did not include them in his § 2254 application and mentioned the 1830 Treaty only in passing in his objection to the R&R. He thus has waived any arguments based on those treaties. *See United States v. Nelson*, 868 F.3d 885, 891 n.4 (10th Cir. 2017) (Our "rule against considering new arguments on appeal applies equally when 'a litigant changes to a new theory on appeal that falls under the same general category as an argument presented at trial.'").

*United States v. McBratney,* 104 U.S. 621, 624 (1881). Mr. Woods admitted in his state post-conviction application that he is not a member of an Indian tribe. ROA at 20. And he does not contest that he did not commit a crime against an Indian. Thus, even if Mr. Woods committed his crimes on Chickasaw land, the state court properly exercised jurisdiction.

Mr. Woods has failed to show that reasonable jurists would debate the district court's dismissal of his § 2254 application. He thus is not entitled to a COA.

## III. **CONCLUSION**

We deny Mr. Woods's requests for a COA and *ifp* status, and we dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge